UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                                    *

YOLANDA SHARIEF                                           *     Case No.: 06-18246-
717 North Fremont Avenue
Baltimore, MD 21217                                       *

   Debtor                                              *     Chapter 13

*     *     *     *     *     *     *     *     *     *     *     *     *

OBJECTION TO PROOF OF CLAIM FILED
BY MD HOLDINGS, LLC   CLAIM # 4

      Robert N. Grossbart and Grossbart, Portney & Rosenberg, P.A., attorneys for the Debtor, files this Objection to Proof of Claim (hereinafter referred to as "Claim") filed by MD Holdings, LLC. (hereinafter referred to as "Claimant"), and for cause states:

      1.     This case was commenced by the filing of a petition with the clerk of this Court on December 18, 2006.

      2.     Claimant, through Nelson G. Morales, Servicing Manager, filed a sworn proof of claim with the US Bankruptcy Court on or about March 7, 2007, five days after the plan was confirmed. The sworn proof of claim filed on behalf of MD Holdings is identified as claim number 4. The claim includes a Deed of Trust that consists of 14 pages. Claim number 4 reflected a total outstanding mortgage liability in the amount of $59,195.47 and the alleged pre-petition arrearage on the mortgage in the total amount of $35,537.65. MD Holding's claim includes a breakdown as follows:

| | | |
|---|---|---:|
| a. | Principal | $33,415.10 |
| b. | Interest | 22,256.05 |
| c. | Escrow Shortage | 0.00 |
| d. | Late Charges | 1,139.26 |
| e. | Legal fee | 2,385.06 |
| | Total arrears | (25,780.37) |
| | **Total** | **$59,195.47** |

A copy attached hereto and marked as **"EXHIBIT A"**.

      3.     On or about March 5, 2007, the Plaintiff=s attorney sent a qualified written request (QWR) under the Federal Servicer Act, which is part of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e) to MD Holdings. A copy attached hereto and marked as **"EXHIBIT B".**

      4.     On or about March 14, 2007, Honey T. Urrutia, Loan Service Department representative of F.C.I. National Lender Services responded to the QWR request, with a cover letter and a copy of an alleged loan history report indicating the following:

*Statement Dated 3/13/07*
a. Principal Balance $32,998.47
b. Interest this Period $12,445.83
c. Unpaid late Charges $      6.40

*Statement Dated 3/15/07*
a. Principal $33.745.00
b. Interest this Period $ 2,100.59
c. Late Charges $     85.24

A copy is attached hereto and marked as **"EXHIBIT C"**.

    5      On or about April 25, 2007, Plaintiff forwarded a copy of an alleged Loan History Statement from Mortgage Assistance Corporation that reflects the following:

a. Principal $     0.00
b. Interest     1,755.33
c. Ending Unapplied Balance     142.80
d. Late Charges Paid       42.62

A copy is attached hereto and marked as **"EXHIBIT D"**.

    5.    The Claimant=s failure to include any supporting documentation their arrearage claim amount of $25,780.37, deprives the debtor, trustee,

and the Court the opportunity scrutinize the veracity and legitimacy of the debt claimed

and the legal right of the Claimant to even file a claim in this proceeding.

    6.    That claimants various responses to debtors requests and  failure to attach any supporting written or printed documentation to support its claim for this substantial default, is in violation of Rule 3001(c), and the claim is therefore improper.

    7.    The debtor is therefore objecting to the Proof of Claim filed by

Claimant and is moving the Court to discharge of the debt reflected in this claim.

    WHEREFORE, Robert N. Grossbart requests this Court to;

    A.    That MD Holdings, LLC be precluded from filing an amended, modified or  substitute claim in this case; and

    B.    Disallow the Proof of Claim filed by MD Holdings LLC. as to all improper fees and charges; and

      C.      That MD Holdings, LLC be ordered to pay legal fees and expenses to Grossbart, Portney and Rosenberg, PA within 30 days of this order being entered for filing an improper claim in this case; and

      D.      Grant such other and further relief as is just.

> /s/ Robert N. Grossbart
> Robert N. Grossbart, Esquire (04116)
> GROSSBART, PORTNEY & ROSENBERG, P.A.
> Blaustein Building, Suite 1214
> One North Charles Street
> Baltimore, Maryland 21201
> (410) 837-0590
> Attorney for Debtor(s)

**TO THE CLAIMANT: Take notice that, unless you wish to rely solely on your Proof of Claim, under Bankruptcy Rule 2002-1 (c)), you have 30 days from the date of the Certification of Mailing below in which to file and serve on the Debtor's attorney an opposition to this objection and to request a hearing, if desired.**

CERTIFICATION OF MAILING

I HEREBY CERTIFY, that on Friday, May 11, 2007, a copy of the foregoing Objection to Proof of Claim was mailed first class, postage prepaid (or delivered via CM/ECF) to the Debtor(s); Ellen W. Cosby, Trustee, P.O. Box 20016, Baltimore, MD 21284-0016; Office of The U.S. Trustee, 101 West Lombard Street, 2nd Floor, Baltimore, MD 21201; MD Holdings, LLC, c/o James W. Holderness, Esquire, 1029 N. Calvert Street, 2nd Floor, Baltimore, MD 21202; MD Holdings, LLC, c/o Carlon Scott, 211 E. Lombard Street, Ste. 161, Baltimore, MD 21202, resident agent for MD Holdings, LLC.

> /s/ Robert N. Grossbart
> Robert N. Grossbart